John A. Buric, State Bar No. 012074
Andrea M. Simbro, State Bar No. 031530
Lance D. Hough, State Bar No. 035017
**WARNER ANGLE HALLAM**
  **JACKSON & FORMANEK PLC**
2555 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: (602) 264-7101
E-mail:   jburic@warnerangle.com
              asimbro@warnerangle.com
              lhough@warnerangle.com

Neil D. Greenstein, VA Bar No. 18555
(admitted *pro hac vice*)
**TechMark®**
1934 Old Gallows Road, Suite 350
Vienna, Virginia 22182
Telephone: (347) 514-7717
Email:  ndg@techmark.com

Attorneys for Plaintiff,
Wheel Pros, LLC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wheel Pros, LLC, a Delaware limited liability company,<br><br>                    Plaintiff,<br><br>        v.<br><br>Jiangxi Rayone Wheels Technology Company Ltd., a Chinese entity; Ditat Deus Automotive LLC, an Arizona limited liability company;  Michael Chase and Katherine Chase, husband and wife; Does I-X, as individuals or entities,<br><br>                    Defendants. | No.<br><br>**COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, DESIGN PATENT INFRINGEMENT, AND UNFAIR COMPETITION**<br><br>**(DEMAND FOR JURY TRIAL)** |

1

Plaintiff, Wheel Pros, LLC ("Wheel Pros"), by and through its attorneys, submits its Complaint against Defendants Jiangxi Rayone Wheels Technology Company Ltd. ("Rayone"), a Chinese entity; Ditat Deus Automotive LLC ("Ditat Deus"), an Arizona limited liability company; and Michael Chase and Katherine Chase, husband and wife (collectively, Rayone, Ditat Deus, and Michael Chase are referred to herein as "Defendants"), as follows:

## PARTIES

1.      Wheel Pros is a Delaware limited liability company with its principal place of business located at 5347 South Valentia Way, Suite 200, Greenwood Village, Colorado 80111-3145.  Wheel Pros is licensed to conduct business in Arizona.

2.      Wheel Pros is informed and believes, and thereon alleges, that Defendant Rayone is a limited liability company of China, having an address in Yihuang Industrial District, Fuzhou City, Jiangxi Province, China.

3.      Wheel Pros, LLC is informed and believes, and thereon alleges, that Defendant, Ditat Deus is an Arizona limited liability company, having its known place of business address at  2126 W. Main Street, Mesa, Arizona 85201.

4.      Wheel Pros, LLC is informed and believes, and thereon alleges, that Ditat Deus is an automobile dealership with a location at 2126 W. Main Street, Mesa, Arizona 85201.

5.      Wheel Pros, LLC is informed and believes, and thereon alleges, that Defendants Michael Chase and Katherine Chase are husband and wife who work in, reside in, and are citizens of this District; and that Michael Chase is the reported statutory agent and a member of Ditat Deus.  All conduct of Michael Chase stated herein was for the benefit of his marital community, and Katherine Chase is named herein for the sole purpose of binding the marital community. Ditat Deus and Michael Chase are sometimes collectively referred to herein as "Chase."

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURISDICTION AND VENUE**

6. This is an action for injunctive relief and to recover damages and/or profits arising under the trademark, patent, and unfair competition laws of the United States and related state laws, and this Court has original jurisdiction of the subject matter for each of the following claims:

   **a.** Trademark counterfeiting in violation of the *Lanham Act*, 15 U.S.C. § 1051, *et seq.*, with jurisdiction vested in this Court by virtue of 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a).

   **b.** Trademark infringement in violation of the *Lanham Act*, 15 U.S.C. § 1051, *et seq.*, with jurisdiction vested in this Court by virtue of 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a).

   **c.** Trademark infringement and unfair competition in violation of the *Lanham Act*, 15 U.S.C. § 1125 (a), with jurisdiction vested in this Court by virtue of 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a).

   **d.** Trademark infringement in violation of the state common law of the several states with jurisdiction vested in this Court by virtue of 28 U.S.C. §§ 1338(b) and 1367(a).

   **e.** Violation of Arizona common law and statutory prohibition against unfair competition, with jurisdiction vested in this Court by virtue of 28 U.S.C. §§ 1332, 1338(b) and 1367(a).

   **f.** Violation of state law prohibitions of the several states against unfair and/or deceptive trade practices, with jurisdiction vested in this Court by virtue of 28 U.S.C. §§ 1338(b) and 1367(a).

   **g.** Trademark infringement in violation of A.R.S. § 44-1453 with jurisdiction vested in this Court by virtue of 28 U.S.C. §§ 1332, 1338(b) and 1367(a).

   **h.** Patent infringement in violation of the *Patent Act*, 35 U.S.C. § 100 *et seq.*, with jurisdiction vested in this Court by virtue of 28 U.S.C. §§ 1331, 1332 and 1338(a).

7.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.     Personal jurisdiction is proper in this district as to Rayone in that Plaintiff is informed and believes and thereon alleges that Rayone does business and offers infringing products for sale in this District through distributors or other re-sellers, as well as over its interactive website, and acts of infringement complained of herein occurred and continue to occur in this District.

9.     Personal jurisdiction and venue are proper in this District as to Ditat Deus by virtue of 28 U.S.C. § 1391 in that Plaintiff is informed and believes and thereon alleges that Ditat Deus is domiciled in Arizona and has a regular and established place of business in this District.  In addition, the claims arose in this District.  Plaintiff is informed and believes and thereon alleges that Ditat Deus does business and offers infringing products for sale in this District as a distributor, importer, or re-seller, and/or participates in infringement, and encouraging others to infringe or participate in the infringement in this District.

10.     Personal jurisdiction and venue are proper in this District as to Michael Chase and Katherine Chase by virtue of 28 U.S.C. § 1391 in that Plaintiff is informed and believes and thereon alleges that Michael Chase and Katherine Chase are citizens and residents of Arizona.  In addition, the claims arose in this District.  Plaintiff is informed and believes and thereon alleges that Michael Chase is the conscious moving force behind Defendant, Ditat Deus, and is responsible for the infringing acts of Ditat Deus in this District and/or has a financial interest in Ditat Deus and had the ability to prevent the infringing acts of Ditat Deus and failed to do so.

11.     Venue is proper in this judicial district as to Rayone pursuant to 28 U.S.C. § 1391 (c)(3) because it is an alien, and venue is proper in any district as to aliens.

12.     Venue is proper in this judicial district as to Ditat Deus, Michael Chase, and Katherine Chase by virtue of 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400 in that Ditat Deus, Michael Chase, and Katherine Chase reside in this District.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NATURE OF THE ACTION**

**A.     Wheel Pros Is a Well-Known Vehicle Wheel Manufacturer and Marketer**

13.     Wheel Pros was organized as a limited liability company under the laws of the State of Delaware in 1994 and manufactures and distributes, *inter alia,* aftermarket vehicle and power sports wheels in the U.S. and internationally.  In the 2000s, Wheel Pros developed a proprietary brand strategy, creating famous aftermarket wheel brands such as HELO, MOTEGI**,** MOTO METAL and FUEL.  In pursuing its proprietary brand strategy, Wheel Pros also purchased famous, historic brands like American Racing which was founded in 1956 and which was known for high strength-to-weight racing wheels and gained the attention of street enthusiasts in the early years of hot rodding.   In 2005, Wheel Pros acquired KMC Wheels to bolster its presence in the off-road wheel market, including bead lock wheels for severe off-road driving and performance.  Wheel Pros has also partnered with famous wheel designers to manufacture, market, and distribute their wheel designs.    Today, Wheel Pros has warehouses throughout the United States, and internationally, and is the largest distributor of aftermarket wheels in North America with over a billion dollars in annual sales.

**B.     The Federally Registered "FUEL" Marks**

14.     Wheel Pros (including its predecessor(s)-in-interest and the trademark rights acquired from such predecessors) has substantial common law rights and started selling the FUEL line of wheels in 2008.

15.     Wheel Pros is the owner of U.S. Trademark Registration No. 3,628,355, which registered on May 26, 2009, for the mark FUEL for automobile wheels.  Such registration is extant, valid, and in full force and effect.  The first use of the mark in the United States was on November 21, 2008.  A true and correct copy of this registration is attached as **Exhibit 1**.  Such registration is on the Principal Register of the United States Patent & Trademark Office, has become "incontestable" under the provisions of the Trademark Act and is conclusive proof of the exclusive rights of Wheel Pros in the FUEL mark shown in such registration.

16.     Wheel Pros is the owner of U.S. Trademark Registration No. 4,183,871, which registered on July 31, 2012, for the word mark FUEL for tires, for passenger cars and trucks.  Such registration is extant, valid, and in full force and effect.  The first use of the mark in the United States was on April 26, 2012.  A true and correct copy of this registration is attached as **Exhibit 2**.  Such registration is on the Principal Register of the United States Patent & Trademark Office, has become "incontestable" under the provisions of the Trademark Act and is conclusive proof of the exclusive rights of Wheel Pros in the FUEL mark shown in such registration.

17.     Wheel Pros is the owner of U.S. Trademark Registration No. 5,401,312, which registered on February 13, 2018, for the "mark consist[ing] of the letter 'F' in stylized font" for vehicle wheels[1]:



Such registration is extant, valid, and in full force and effect.  The first use of the mark was on April 2, 2008.  A true and correct copy of this registration is attached as **Exhibit 3**. Such registration is on the Principal Register of the United States Patent & Trademark Office, has become "incontestable" under the provisions of the Trademark Act and is conclusive proof of the exclusive rights of Wheel Pros in the mark shown in such registration.

---

[1]     This mark was also acquired by Wheel Pros in its acquisition of Mobile Hi-Tech Wheels.

18.     Wheel Pros is the owner of U.S. Trademark Registration No. 6,176,630, which registered on October 13, 2020, for the "mark consist[ing] of an overall octagon shape within which is a stylized letter 'F' located on the left and top sides and across the middle, stopping short of the right side because the term 'FUEL' is located across the bottom to right sides of the octagon" for automotive vehicle wheels and components thereof, namely, hub caps, center caps, decorative wheel spokes, and decorative wheel face attachments:



Such registration is extant, valid, and in full force and effect.  The first use of the mark was on May 31, 2016.  Such registration is on the Principal Register of the United States Patent & Trademark Office, and, as such, is presumptive proof of the exclusive rights of Wheel Pros in the mark shown in such registration.  A true and correct copy of this registration is attached as **Exhibit 4**.

19.     Wheel Pros' trademarks registered as No. 3,628,355, No. 4,183,871, No. 5,401,312, and No. 6,176,630, and the marks therein are collectively referred to herein as Wheel Pros' "FUEL Marks."

20.     The following are current examples of the FUEL Marks as used on Wheel Pros' wheels:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





8

21.     The FUEL and F Design Marks were first adopted and used in 2008 to identify a newly designed and developed line of wheels.  The FUEL Marks have been continuously used by Wheel Pros (and its predecessors) for 15 years, on wheels as well as on related products, such as tires, documents, tools, services, and marketing material for those product lines, with total sales under the FUEL Marks exceeding $500 million.

22.     Wheel Pros is the exclusive manufacturer, and distributor for wheels and related vehicle products and accessories in connection with the FUEL Marks.

23.     The wheels marketed under the FUEL Marks are used on trucks, SUVs, vans, UTVs, and other vehicles such as off-road vehicles, and other street use vehicles.

24.     Wheel Pros' wheels, marketed and sold under the FUEL Marks are highly successful, popular, and enjoy widespread consumer recognition.  Wheel Pros extensively marketed and continues to market the product lines with its FUEL Marks.

**C.     Wheel Pros Has Exclusive Patent Rights in the Subject Wheel Design**

25.     Wheel Pros is the exclusive assignee and owner, by assignment from inventor Brian Henderson, of all rights, title, and interest in and to U.S. Patent No. D937,171, issued November 30, 2021, and which is subsisting (the "'171 Patent" or "Patent-in-suit").  A true and correct copy of such patent is attached hereto as **Exhibit 5.**

26.     Wheel Pros' FUEL Marks and the design protected by the Patent-in-suit are widely recognized by consumers as emanating from Wheel Pros and the distinctive designs on such wheels are key to such extensive consumer recognition.

27.     At all relevant times, Wheel Pros has complied with the marking requirements of 35 U.S.C. § 287(a).

**D.     Wheel Pros' Trademarks are Unique and Inherently Distinctive**

28.     The FUEL Marks are arbitrary, fanciful and inherently distinctive.  They are unique and unusual and no other manufacturer uses them, individually or collectively, to denote the source in the automotive industry as does Wheel Pros.

29.     In addition to the inherent distinctiveness of Wheel Pros' FUEL Marks, products bearing such trademarks have been marketed so extensively, and have been so

9

favorably received by the public that such trademarks have achieved tremendous consumer recognition in the marketplace.

30.   Wheel Pros' sales success came after expending great amounts of time, effort, and money in the promotion and advertisement of its goods under its trademarks. This promotional effort includes extensive internet, social media, and print media advertisements, promotion of products by Wheel Pros personnel, suppliers, dealers, and other promotional events and activities, sponsorships, and the like.

31.   The widespread recognition and popularity of Wheel Pros' FUEL wheels have been unwavering. Wheel Pros popularized this brand through extensive advertising and promotion so that consumers would recognize the unique appearance and trademarks of these wheels.

32.   As a result of the widespread and continuous use and promotion of the trademarks and patent described above, such trademarks are well known throughout the United States and have become widely known and recognized as identifying Wheel Pros as the source of a variety of products including, without limitation, the FUEL wheels and as distinguishing the source of these goods from those of others. These trademarks have come to and now do represent and symbolize the enviable reputation and very valuable goodwill of Wheel Pros among advertisers, consumers and retail establishments.

33.   The FUEL design and trademarks today are almost universally recognizable within the wheel industry and have one of the most stable and loyal customer bases in the industry.

34.   The FUEL Marks represent and symbolize one of the highest quality and most durable wheels in the industry.

35.   The FUEL Marks are arbitrary and are used for product identification purposes.

36.   At all relevant times, Wheel Pros has provided notice pursuant to 15 U.S.C. § 1111 that the FUEL Marks are registered.

**E.    Defendants' Use the FUEL Marks and the Patent-in-suit Design Without Authorization from Wheel Pros**

37.    Defendant Rayone is a manufacturer and trader of vehicle wheels that imports its products into the United States and markets and sells its products through its online presence and to consumers, distributors and re-sellers, including, *inter alia*, through the interactive website located at https://www.rayonewheels.com/ .

38.    Wheel Pros is informed and believes, and thereon alleges, that Chase is a re-seller and/or distributor of products bearing the counterfeit FUEL Marks and the infringing patented design, manufactured and/or distributed by Rayone.

39.    The products that Rayone sells include wheels, wheel hubs, wheel caps, and wheel rims. Such goods are identical to and/or related to those on which Wheel Pros uses its FUEL Marks.

40.    Screenshots from Rayone's website demonstrate not only the overlap and relatedness of the products, but the identical nature of such products, that Rayone sells and the products sold by Wheel Pros under the FUEL Marks:



11

1
2
3
4
5
6
7
8
9
10
11
12
13



14     41.    Wheel Pros has never licensed or otherwise authorized Defendants to use its

15 FUEL Marks or the Patent-in-suit.

16     42.    Despite having no authority or right to do so, Defendants have manufactured,

17 distributed and/or sold vehicle wheels bearing Wheel Pro's FUEL Marks (the "Counterfeit

18 Wheels") and that infringe upon the Patent-in-suit.  The following is a photograph of a

19 Counterfeit Wheel prominently bearing the unauthorized FUEL Marks on a wheel that

20 infringes upon the Patent-in-suit:

21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



43.    The box in which the Counterfeit Wheel was packaged bore shipping details stating it was shipped to defendant Chase at 2126 W. Main St., Mesa Arizona 85201.

COMPLAINT



44.    That address is the location of Ditat Deus' automobile dealership.

45.    The wheel utilizing Wheel Pros' Patent-in-Suit (the "Patent Infringing Wheel") is also displayed on Rayone's website, albeit without the counterfeit FUEL Mark:



1    The following image is an enlarged photograph of a wheel in issue from Rayone's website

2    which infringes Wheel Pros' Design Patent but does not contain the counterfeit marks.

3



24        46.       As shown in the photograph above of the wheel actually shipped to Chase,

25    before Rayone ships the Patent Infringing Wheel it adds a center cap with counterfeit marks

26    (as defined in 15 U.S.C. § 1116(d)) of Wheel Pros' trademarks.

27        47.       Wheel Pros sent a cease and desist letter to Chase on October 23, 2023,

28    advising him of the counterfeit FUEL Marks and of the Patent-in-suit.

48.     Rayone's Counterfeit Wheels were first sold years after Wheel Pros' first sale of the vehicle products bearing the FUEL Marks, and long after Wheel Pros' registered its FUEL Marks.

49.     Defendants are selling wheels bearing knock-offs of Wheel Pros' FUEL patented design and FUEL Marks.  Specifically, Defendants have infringed, and are continuing to infringe, by manufacturing, advertising, offering for sale, and selling the Counterfeit Wheels.

50.     Defendants sell the Counterfeit Wheels through the same channels of trade as Wheel Pros, including through retailers to consumers throughout the United States.

**F.      Defendants Knowingly, Intentionally, Willfully and Maliciously Used Counterfeits of Wheel Pros' Trademarks**

51.     Rayone and its agents, employees, and representatives, are and have been well aware of Wheel Pros' enviable reputation and goodwill in the FUEL Marks.

52.     Wheel Pros is the largest company in the United States in aftermarket vehicle wheels and is known by competitors (such as Rayone), the industry and customers for its innovative designs, marketing, and product quality for vehicle products and accessories. Wheel Pros and its FUEL Marks and Patent-in-suit are so well known in the wheel and vehicle parts industry that Defendants could not possibly have been ignorant of the substantial rights and value associated with Wheel Pros' FUEL Marks and the Patent-in-suit.

53.     Wheel Pros' success of its wheels and vehicle products in association with its FUEL Marks is well known within the industry and Defendants seek to capitalize and steal some of Wheel Pros' hard-earned goodwill and success.

54.     Indeed, Rayone's creation of the Counterfeit Wheels was not only an act of unfair competition, but was done knowingly, intentionally, willfully, and with evil intent and bad faith.  Defendants knew about the FUEL Marks, the Patent-in-suit and Wheel Pros' product lines based on the same, and nevertheless commenced advertising, offering for sale, and sale use in the United States of the Counterfeit Wheels.

55.     Defendants' sales of the Counterfeit Wheels and any other wheels, and related products bearing the counterfeit and infringing simulations of the FUEL Marks are continuing to infringe the rights of Wheel Pros in its FUEL Marks.

56.     Wheel Pros is further informed and believes, and thereon alleges, that unless Defendants are enjoined and restrained by the Court, Defendants will continue to manufacture, purchase, import, advertise, promote, offer for sale, sell, and distribute counterfeit and infringing products.

57.     The advertisements, promotions, sales, distributions and offers for sale of the infringing products are causing and will continue to cause a likelihood of confusion, mistake or deception and actual confusion among purchasers of wheels and vehicle products and accessories as to the source of those products.   Such advertisements, promotions, sales, distributions and offers for sale are diminishing, and/or will continue to diminish, the distinctiveness and the valuable goodwill and reputation of Wheels Pros and its trademark rights, and are resulting in, and will continue to result in, lost sales of wheels by Wheel Pros.  Such acts are causing irreparable injury and harm to Wheel Pros and will continue to cause irreparable harm to Wheel Pros unless enjoined by this Court.

58.     Defendants have used, are using, and Wheel Pros is informed and believes, and thereon alleges that, Defendants will continue to use, the Counterfeit Wheels and similar infringing marks and designs in connection with its wheels and related products, thereby creating a likelihood of confusion, mistake, or deception among purchasers of Defendants' goods and with the goods advertised, promoted, distributed, and sold by Wheel Pros.

59.     Defendants' use of Wheel Pros' FUEL Marks on or in connection with the promotion, advertising, sale, offering for sale, or distribution of wheels, tires and related products constitutes trademark counterfeiting and infringement, including under 15 U.S.C. § 1114 et seq. and causes a likelihood of confusion, deception and mistake by the consuming public and the trade, and disparages Wheel Pros' goodwill and reputation.

60.    Defendants' use of trademarks that are not just confusingly similar, but are identical, to Wheel Pros' trademarks on or in connection with the promotion, advertising, sale, offering for sale, or distribution of wheels and related products constitutes trademark infringement and unfair competition, including under 15 U.S.C. § 1125 (a), because such acts constitute false representations, false descriptions, false designations of origin and cause a likelihood of confusion, deception and mistake by the consuming public and the trade, and disparages Wheel Pros' goodwill and reputation.

61.    Defendants' use of trademarks not just confusingly similar to, but identical to, Wheel Pros' trademarks creates a likelihood that a false and unfair association will be made between the infringing products and the products of Wheel Pros such that the purchasing public is likely to believe, that Defendants' products are products of Wheel Pros or are associated with, affiliated with or otherwise sponsored by Wheel Pros.

62.    Defendants' acts have caused and, unless restrained, will continue to cause Wheel Pros to suffer substantial irreparable damages and injury through, inter alia, (a) a likelihood of confusion, deception and mistake among the relevant purchasing public and the wheel and vehicle parts and accessories trade as to the source, origin, sponsorship or approval of the goods associated with Wheel Pros' FUEL Marks, and (b) depreciation of Wheel Pros' valuable goodwill and business reputation symbolized by its distinctive and strong trademarks and product designs.

63.    Wheel Pros has suffered loss of profits and other damages from the confusion, mistake and deception resulting from the acts of Defendants, and Wheel Pros is informed and believes, and thereon alleges, that Wheel Pros will continue to suffer such damages unless and until Defendants are enjoined and restrained by this Court from engaging in the acts complained of herein.

64.    Wheel Pros has no adequate remedy at law because injury to its reputation and goodwill cannot be quantified and such injury cannot be compensated by monetary amounts.

65.    Wheel Pros is entitled to a statutory presumption of irreparable harm in this case in that 15 U.S.C. § 1116(a), as amended by the Trademark Modernization Act of 2020 (which took effect on December 18, 2021), provides "A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction or upon a finding of likelihood of success on the merits for a violation identified in this subsection in the case of a motion for a preliminary injunction or temporary restraining order."

66.    At all relevant times, Wheel Pros has provided notice pursuant to 15 U.S.C. § 1111 that the FUEL Marks are registered.

## FIRST CAUSE OF ACTION

### (Trademark Counterfeiting and Infringement in Violation of the Lanham Act)
### [15 U.S.C. § 1114-1119]

67.    Wheel Pros realleges and incorporates herein by this reference, each and every one of the allegations contained in paragraphs 1 through 66 above, as though fully set forth herein.

68.    Defendants' acts complained of herein constitute trademark counterfeiting in violation of 15 U.S.C. § 1114 et seq.

69.    Defendants intentionally used Wheel Pros' FUEL Marks knowing such marks were counterfeit marks in connection with the sale, offering for sale, and distribution of wheels.

70.    15 U.S.C. § 1116(b) mandates an award of treble damages or profits, whichever is greater, together with a reasonable attorney's fee.  In addition, 15 U.S.C. § 1116(b) authorizes the Court to award prejudgment interest on such amount.

71.    Wheel Pros reserves its right to elect, at any time before final judgment, to recover, instead, an award of statutory damages.  15 U.S.C. § 1116(c)(2) provides for statutory damages for the willful use of a counterfeit mark of up to $2 million per type of goods or services sold, offered for sale, or distributed.

**SECOND CAUSE OF ACTION**

**(Trademark Infringement in Violation of the Lanham Act)**

**[15 U.S.C. § 1114-1119]**

72.     Wheel Pros realleges and incorporates herein by this reference, each and every one of the allegations contained in paragraphs 1 through 71 above, as though fully set forth herein.

73.     Defendants' acts complained of herein constitute trademark infringement in violation of 15 U.S.C. § 1114 et seq.

**THIRD CAUSE OF ACTION**

**(Violation of § 43(a) of the Lanham Act – Trademark)**

**[15 U.S.C. § 1125(a)]**

74.     Wheel Pros realleges and incorporates herein by this reference, each and every one of the allegations contained in paragraphs 1 through 73 above, as though fully set forth herein.

75.     Defendants' ongoing infringement, product lines and marketing have infringed Wheel Pros' FUEL Marks, competed unfairly with Wheel Pros, and misappropriated and traded upon Wheel Pros' goodwill and business reputation by falsely representing their goods as being sponsored by, approved by, or connected with Wheel Pros.

76.     Wheel Pros is informed and believes and thereon alleges, that Defendants are now, in various ways including using advertising and marketing materials through its agents and employees, falsely representing to, and misleading, potential purchasers of their goods that such goods are affiliated, connected or associated with Wheel Pros by reason of the infringing use of Wheel Pros' distinctive FUEL Marks.

77.     Defendants are making false and misleading representations by engaging in commercial advertising using trademarks and promotional materials which are now virtually identical and/or confusingly similar to Wheel Pros' registered FUEL Marks and which are being directed to the same class of customers as Wheel Pros'.

78.     Defendants are using in commerce false designations of origin, false and misleading descriptions of fact or false or misleading representations of facts which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Wheel Pros and as to the origin, sponsorship or approval of Defendants' goods or commercial activities by Wheel Pros.

79.     As a result of the foregoing, Defendants actions violate 15 U.S.C. § 1125(a).

**FOURTH CAUSE OF ACTION**

**(State Common Law Trademark Infringement)**

80.     Wheel Pros realleges and incorporates herein by this reference, each and every one of the allegations contained in paragraphs 1 through 79 above, as though fully set forth herein.

81.     Defendants' acts complained of herein constitute infringement under the common law of the State of Arizona and the common law of the several states.

**FIFTH CAUSE OF ACTION**

**(State Common Law Unfair Competition)**

82.     Wheel Pros realleges and incorporates herein by this reference, each and every one of the allegations contained in paragraphs 1 through 81 above, as though fully set forth herein.

83.     Defendants made false representations by using simulations of Wheel Pros' FUEL Marks and unique identifying features.

84.     Defendants' false representations induced buyers to believe that the simulations are genuine Wheel Pros' products.

85.     Upon information and belief, consumers have purchased and continue to purchase the simulations in reliance upon Wheel Pros' goodwill and business reputation.

86.     Upon information and belief, Defendants knew that consumers were relying upon Wheel Pros' reputation for quality and integrity.

87.     Defendants' conduct alleged herein constitutes unfair competition, which has damaged and will continue to damage irreparably Wheel Pros' goodwill and reputation

unless restrained by this Court because Wheel Pros has no adequate remedy at law for Defendants' conduct.

**SIXTH CAUSE OF ACTION**

**(State Deceptive and Unfair Trade Practices)**

**[includes A.R.S. § 44-1522, *et seq*.]**

88.    Wheel Pros realleges and incorporates herein by this reference, each and every one of the allegations contained in paragraphs 1 through 87 above, as though fully set forth herein.

89.    Defendants' conduct alleged herein was intended to use simulations of Wheel Pros' FUEL Marks, and unique identifying features in a manner which is likely to deceive, confuse and mislead members of the relevant public as to the origin, sponsorship, approval, affiliation, or license of Defendants and of certain of Defendants' products, and as to the false association or affiliation of said products with Wheel Pros.  Defendants' conduct as alleged herein was intended to deceive, confuse, and mislead members of the public, and members of the public will believe that Wheel Pros sponsored, approved, or is affiliated with Defendants and that Wheel Pros originated, approved, or licensed Defendants' products.

90.    Defendants' conduct alleged herein violate  A.R.S. § 44-1522, *et seq*., and similar unfair and deceptive trade practices of the several states, all of which have damaged and will continue to irreparably damage Wheel Pros, including its goodwill and reputation, unless restrained by this Court, because Wheel Pros has no adequate remedy at law for Defendants' conduct.

**SEVENTH CAUSE OF ACTION**

**(State Trademark Infringement)**

**[A.R.S. § 44-1453, *et seq*.]**

91.    Wheel Pros realleges and incorporates herein by this reference, each and every one of the allegations contained in paragraphs 1 through 90 above, as though fully set forth herein.

22

COMPLAINT

92.     Defendants knowingly and with intent to sell or distribute offered for sale wheels bearing an unauthorized and counterfeit reproduction, simulation, and/or copy of Wheel Pros' intellectual property; specifically, Wheel Pros' FUEL Marks.

93.     Rayone knowingly and with intent to sell or distribute manufactured or produced wheels bearing an unauthorized reproduction or copy of Wheel Pros' intellectual property; specifically, Wheel Pros' FUEL Marks.

94.     Wheel Pros sustained a loss as a result of Defendants' infringement, including, but not limited to, loss of profits, and devaluation of Wheel Pros' valuable goodwill and business reputation symbolized by its distinctive patented design and trademarks.

95.     As the result of the foregoing, Defendants are infringing on Wheel Pros' trademarks in violation of A.R.S. § 44-1453(A) and (C).

96.     Wheel Pros is entitled to treble damages and an award of attorneys' fees and costs pursuant to A.R.S. § 44-1453(J).

## EIGHTH CAUSE OF ACTION

### (Federal Patent Infringement)

97.     Wheel Pros realleges and incorporates herein by this reference, each and every one of the allegations contained in paragraphs 1 through 96 above, as though fully set forth herein.

98.     Defendants' infringing products mimic Wheel Pros' designs and are substantially similar, colorable imitations, and/or the same as those designs claimed in the U.S. Patent No. D937,171.

99.     The ordinary observer would justifiably believe, after viewing the differences between the patented designs and the Defendants' wheels, that Defendants' wheels are substantially similar, colorable imitations, and/or the same as the patented designs.

100.     Defendants have imported the infringing products, including the Patent Infringing Wheels, into the United States.

101.    Defendants have offered for sale the infringing products, including the Patent Infringing Wheels, in the United States.

102.    Defendants have sold the infringing products, including the Patent Infringing Wheels, in the United States.

103.    Defendants' awareness of Wheel Pros' patents and Defendants' continued infringement makes such infringement willful, entitling Wheel Pros to enhanced damages, royalties, and an award of attorney's fees pursuant to 35 U.S.C. §§ 284 & 285.

104.    Wheel Pros' Patent-in-suit is a Design Patent thereby invoking 35 U.S.C. § 289 – Additional Remedy for infringement of design patent.  Such statute provides that defendants are liable to Wheel Pros "to the extent of his total profit."

105.    Defendants have further made substantial profits to which they are not equitably entitled.

106.    Defendants acts and products complained of herein constitute patent infringement in violation of Title 35 of the United States Code.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Wheel Pros prays for relief as follows:

**1.**    A judgment that Defendants have infringed the Patent-in-suit;

**2.**    A judgment that Defendants' infringement of the Patent-in-suit was willful, intentional, and malicious;

**3.**    A judgment that Defendants have infringed the FUEL Marks;

**4.**    A judgment that Defendants' engaged in trademark counterfeiting as to the FUEL Marks and that such counterfeiting was knowing, intentional, willful, and malicious;

**5.**    A judgment that Defendants' infringement of the FUEL Marks was knowing, willful, intentional, and malicious;

**6.**    A judgment that Defendants violated A.R.S. § 44-1453;

**7.**    A judgment that Defendants unfairly competed with Wheel Pros in violation of state and common law;

**8.**    That Defendants, and each of their agents, servants, employees, officers,

directors, managers, attorneys, successors and assigns and all persons in active concert or participation, be enjoined and restrained preliminarily and perpetually and permanently from:

    **a.**    Infringing the Patent-in-Suit and the FUEL Marks;

    **b.**    Engaging in trademark counterfeiting of the FUEL Marks;

    **c.**    Using in any manner one or more of Wheel Pros' FUEL Marks, or colorable imitations thereof, alone or in combination, or with a word or words, or using any other words, symbols, configurations or designs which so resemble said marks as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale or sale of any product which is not manufactured, distributed or otherwise authorized by or for Wheel Pros;

    **d.**    Attempting to or passing-off, inducing or enabling others to sell or pass-off any product as a product affiliated with or sponsored by Wheel Pros, which product is not produced under the authorization, control and supervision of Wheel Pros and approved by Wheel Pros for sale under Wheel Pros' FUEL Marks;

    **e.**    Copying, making colorable imitations of, or modifying any of Wheel Pros' advertising or promotional materials for use in connection with the advertising, promotion or sale of any of Defendants' goods;

    **f.**    Committing any acts calculated or intended to cause purchasers to believe falsely that any of Defendants' products are associated with, sponsored by, approved by, guaranteed by, connected with or produced under the control and supervision or within the authority of Wheel Pros;

    **g.**    Further infringing the rights of Wheel Pros in and to Wheel Pros' FUEL Marks, or otherwise damaging Wheel Pros' goodwill and business reputation;

    **h.**    Otherwise competing unfairly with Wheel Pros in any manner;

    **i.**    Obtaining, possessing, shipping, delivering, distributing, returning or otherwise disposing of in any manner advertising materials, goods or inventory bearing one or more of Wheel Pros' FUEL Marks which materials, goods or inventories were not

manufactured by or for Wheel Pros or authorized by Wheel Pros to be used, sold or offered for sale in association with or bearing such Wheel Pros' FUEL Marks;

**j.**     Obtaining, possessing, manufacturing, or using any tools, dies, stamping, mixing, embossing, printing, labeling, packaging, silk screening, molding equipment, masters, or any other apparatus designed especially for the manufacture or labeling of unauthorized products bearing the Wheel Pros' FUEL Marks and packaging and advertising or displaying material relating thereto; or

**k.**     Continuing to perform in any manner whatsoever any infringing acts.

**9.**     That Defendants be required to deliver immediately to Wheel Pros or its attorneys for destruction any and all products, guarantees, warranties, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional and other material in their possession or control bearing one or more of the Wheel Pros' FUEL Marks, or colorable imitations thereof, alone or in combination with any other words, or any other words or symbols which so resemble one or more of the Wheel Pros' FUEL Marks as to be likely to cause confusion, mistake or deception, which is or can be used in connection with the advertising, offering for sale, or sale of any product or service which is not manufactured, distributed, or otherwise authorized by Wheel Pros.

**10.**     That Defendants be required to deliver immediately to Wheel Pros or its attorneys for destruction any and all disks, tapes, computer graphics files, molds, plates, screens, graphics, matrices, patterns and any other means of making simulations, reproductions, counterfeits, copies or colorable imitations of one or more of the Wheel Pros' FUEL Marks which are for use on products, containers, packaging, disks, tapes, labeling, advertising and display literature or other material not authorized by Wheel Pros.

**11.**     That Defendants be required to supply Wheel Pros or its attorneys with a complete list of entities from whom it purchased and to whom it distributed and sold products in connection with all the unauthorized use of Wheel Pros' FUEL Marks and the Patent-in-suit.

**12.** That Defendants be required, in accordance with 15 U.S.C § 1117, to account for and pay to Wheel Pros the following:

**a.** All gains, profits, benefits and advantages derived by Defendants and three times all damages suffered by Wheel Pros from the above-described acts of trademark infringement, misrepresentation, unfair trade practices, unfair competition and false and/or misleading advertising, and that such amounts be determined by the Court;

**b.** All such other damages as the Court shall deem to be just; and

**c.** All costs and attorneys' fees incurred in this action.

**13.** That Defendants be ordered, in accordance with 15 U.S.C. § 1116 to pay Wheel Pros treble damages or profits, whichever is greater, together with a reasonable attorney's fee.

**14.** Alternatively, at Wheel Pros' election, an award of statutory damages against Defendants in favor of Wheel Pros for Defendants' willful use of a counterfeit mark in an amount up to $2 million per type of goods or services sold, offered for sale, or distributed.

**15.** That Defendants be ordered, in accordance with 35 U.S.C. § 284 and 285, to pay Wheel Pros damages adequate to compensate for the infringement, but in no event less than a reasonable royalty.

**16.** That Defendants be ordered, in accordance with 35 U.S.C. § 289, to pay Wheel Pros the additional remedy for infringement of a design patent of Defendants' total profits.

**17.** That Defendants be enjoined from violating the Deceptive Trade and Unfair Practices Acts (or equivalent laws) of the several states.

**18.** That Defendants be required to pay Wheel Pros punitive and enhanced damages and profits in an amount as the Court may determine for malicious, knowing, willful, intentional, deliberate, and tortious conduct.

**19.** That Defendants be required to pay Wheel Pros' costs for corrective advertising.

COMPLAINT

1    **20.**    That Wheel Pros have such other and further relief or as the Court deems just

2    and proper.

3                              **<u>DEMAND FOR JURY TRIAL</u>**

4            Plaintiff, Wheel Pros, hereby requests a trial by jury on all issues triable of right

5    by a jury.

6            **DATED** this 27th day of October, 2023.

7

8                                    WARNER ANGLE HALLAM
                                     JACKSON & FORMANEK PLC
9
                                     By    /s/ *Andrea M. Simbro*
10                                        John A. Buric
                                          Andrea M. Simbro
11                                        Lance D. Hough
                                          2555 East Camelback Road, Suite 800
12                                        Phoenix, Arizona 85016
                                          *Attorneys for Plaintiff*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28